[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 488.]

CLEVELAND BAR ASSOCIATION *v*. MCCLAIN.

[Cite as *Cleveland Bar Assn. v. McClain*, 2002-Ohio-2428.]

*Attorneys at law—Misconduct—Indefinite suspension—Restitution to clients ordered—Failing to promptly deliver to client funds or property to which client is entitled—Failing to seek lawful objectives of client—Failing to carry out contract for professional employment—Prejudicing or damaging client during course of professional relationship—Neglect of an entrusted legal matter—Neglecting or refusing to assist or testify in a disciplinary investigation or hearing.*

(No. 2001-2221—Submitted February 27, 2002—Decided June 5, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-101.

————————————

**Per Curiam**.

{¶1} In February 1999, Eric K. Robinson paid $1,000 of an agreed $2,500 retainer to respondent, Mark McClain of Cleveland, Ohio, Attorney Registration No. 0013148, for representation in a civil suit. When Robinson visited respondent's offices a week later, the written contract he was asked to execute indicated the retainer would be $3,500. Robinson refused to sign the contract, said that he no longer wished to retain respondent, and asked for his $1,000 down payment to be returned. Respondent did not return the $1,000 and did not provide respondent with an invoice to indicate that he had performed any services for the $1,000.

{¶2} In June 1999, relator, Cleveland Bar Association, began an investigation of respondent's conduct, but respondent did not reply to relator's letters or other inquiries.

**{¶3}** After Carolyn Ray retained respondent in September 1993 and paid him a $1,000 retainer to represent her in a case involving her children, respondent entered an appearance in the case and, without consulting Ray, filed a voluntary dismissal and never told Ray of his action. Respondent failed to refile the case within a year, and when he did refile in November 1994, he did not oppose the defendants' motion to dismiss, and it was granted. Ray was then barred from refiling her action. Respondent claimed that another attorney, with whom he shared office space, was to work on the case and failed to do so. When Ray asked for a return of $500 of her retainer, respondent failed to comply and never provided an accounting of his time spent on the case.

**{¶4}** On December 4, 2000, relator filed a complaint charging that respondent's actions and omissions in the Robinson and Ray matters violated several provisions of the Code of Professional Responsibility, and that his failure to cooperate in relator's investigation violated provisions of the Rules for the Government of the Bar. Respondent did not answer, and the Board of Commissioners on Grievances and Discipline ("board") referred the matter to Board Member W. Scott Gwinn to rule on relator's motion for default.

**{¶5}** Being advised of the unrefuted allegations of the complaint and the evidence submitted by relator, Board Member Gwinn found the facts as set forth above. The member concluded that in the Robinson matter, respondent had violated DR 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled). He further concluded that in the Ray matter respondent had violated DR 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 7-101(A)(3) (a lawyer shall not prejudice or damage his client during course of professional relationship), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), and 9-102(B)(4). He also concluded that respondent's failure to cooperate in relator's investigation

of his conduct in the Robinson matter had violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in a disciplinary investigation or hearing). Board Member Gwinn recommended that respondent be indefinitely suspended from the practice of law in Ohio and that he be ordered to pay restitution to Robinson and Ray in the amount of $1,000 each with statutory interest.

{¶6} The board adopted the findings, conclusions, and recommendation of Board Member Gwinn.

{¶7} On review, we adopt the findings, conclusions, and recommendations of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio and ordered to pay restitution to Robinson and Ray in the amount of $1,000 each with interest at the statutory rate. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Alan M. Petrov and Charles A. Bowers, for relator.

_____